IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| J.R., a minor, and Jane Roe, individually and in her capacity as guardian and parent of Plaintiff J.R., <br><br> Plaintiffs, <br><br> v. <br><br> Michele Mancino, Thomas E. Aspinwall, Telegram Messenger Inc. (d/b/a "Telegram"), and Perry Street Software (d/b/a "Scruff"), <br><br> Defendants. | Civil Action No. 2:23-cv-2519-BHH <br><br> **<u>ORDER</u>** |

This matter is before the Court upon Plaintiffs' complaint against the above-named Defendants. On March 29, 2024, Defendant Perry Street Software ("Perry Street") filed a motion to dismiss. (ECF No. 49.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 31, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant Perry Street's motion to dismiss. (ECF No. 59.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections to the Report have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 59) and grants Defendant Perry's Street's motion to dismiss (ECF No. 49).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 18, 2024
Charleston, South Carolina